IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BARBARA MORETON, §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>ANDREW SAUL[1], §<br>COMMISSIONER OF THE §<br>SOCIAL SECURITY ADMINISTRATION, §<br>§<br>*Defendant*. § | Civil Action No.: 4:18-cv-03661 |

## MEMORANDUM AND ORDER

Moreton filed the present action under the Social Security Act, 42 U.S.C. §§ 405(g) for review of the Commissioner's final decision denying her request for disability insurance benefits. Moreton moved for summary judgment (Dkt. 12) and the Commissioner filed a timely response (Dkt. 14). After considering the pleadings, the record, and the applicable law, the Court **DENIES** Moreton's Motion (Dkt. 12) and **AFFIRMS** the final decision of the Commissioner.[2]

### I. Background

**1. Procedural History**

Moreton filed a claim for social security disability benefits on February 18, 2016 claiming a disability onset date of July 31, 2015. Tr. 255. Her alleged disabilities include bilateral carpal tunnel syndrome, degenerative joint disease in her right knee, degenerative disc disease,

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to FED. R. CIV. P. 25(d). See also § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[2] The parties have consented to the jurisdiction of this Magistrate Judge for all purposes, including entry of final judgment. Dkt. 5.

fibromyalgia, peripheral neuropathy, chronic pain, and obstructive sleep apnea. Tr. 54. Following the denial of her application and subsequent request for reconsideration, Moreton requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 176-77. A hearing took place on September 13, 2017. Tr. 95-134. The ALJ issued a decision on November 24, 2017 finding that Moreton was not disabled within the meaning of the Social Security Act. Tr. 52-64. The Appeals Council denied review on August 15, 2018 and the ALJ's decision became the final decision of the Commissioner. Tr. 1; *see* 20 C.F.R. §§ 404.981, 416.1481.

**2. Standard for Review of the Commissioner's Decision**

Federal court review of the Commissioner's final decision to deny Social Security benefits is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard and (2) whether the Commissioner's decision is supported by substantial evidence. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). When reviewing the Commissioner's decision, the court does not reweigh the evidence, try the questions de novo, or substitute its own judgment for that of the Commissioner. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citing *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Id*.

**3. Disability Determination Standards**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must follow a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

At the first step, the ALJ decides whether the claimant is currently working or "doing substantial gainful activity." *Id*. at §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled. At the second step, the ALJ must determine whether the claimant has a severe impairment. *Id*. at §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant's impairment does not have a de minimis impact on her ability to work, she is not disabled. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018). The third step of the sequential analysis requires the ALJ to determine whether the claimant's severe impairment meets or medically equals one of the listings in the regulation known as Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. pt. 404, subpt. p, app. 1. If so, the claimant is disabled. If not, the ALJ must determine the claimant's "residual functional capacity" (RFC). "The RFC is the individual's ability to do physical and mental tasks on a sustained basis despite limitations from her impairments." *Giles v. Astrue*, 433 F. App'x 241, 245 (5th Cir. 2011). At step four, the ALJ determines whether the claimant's RFC permits her to perform her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the answer is no, the ALJ determines at step five whether the claimant can perform other work that exists in the national economy. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). The claimant bears the burden to prove disability at steps one through four, but the burden shifts to the Commissioner at step five. *Newton v. Apfel*, 209 F.3d 448, 452-53 (5th Cir. 2000).

**4. The ALJ's Decision**

The ALJ performed the standard five-step sequential analysis, finding that Moreton met the insured status requirements of the Act through December 31, 2019; had not engaged in substantial gainful activity since her alleged onset date of July 31, 2015; and had the severe impairments of bilateral carpal tunnel syndrome, degenerative joint disease of her right knee,

3

degenerative disc disease, fibromyalgia, peripheral neuropathy, chronic pain, and obstructive sleep apnea. Tr. 54. The ALJ determined at step three that none of her impairments, alone or in combination, met or equaled the severity of one of the listed impairments in Appendix 1. Tr. 55. The ALJ found Moreton had the RFC to perform less than a full range of sedentary work including

> lifting 10 pounds occasionally and less than 10 pounds frequently; carrying 10 pounds occasionally and less than 10 pounds frequently; sitting for 6 hours, standing for 2 hours, walking for 2 hours, and ability to push/pull as much as she can lift/carry. [Moreton] can frequently, but not constantly, handle and finger objects using the bilateral hands. [Moreton] can occasional (sic) climb ramps and stairs, never climb ladders, ropes, or scaffolds, occasional balance, occasional stoop, occasional kneel, occasional crouch, and never crawl. [Moreton] can never work at unprotected heights or around dangerous moving machinery.

Tr. 56. Based on the medical records, opinions, and testimony of the vocational expert, the ALJ determined that Moreton can perform her past relevant work because it does not require activities precluded by her RFC for sedentary work. Tr. 63. For that reason, the ALJ concluded that Moreton had not been under a disability from July 31, 2015 through the date of his decision. Tr. 64.

## II. Analysis

Moreton claims the ALJ improperly assigned little weight to the opinions provided by her treating physicians, Dr. Yamini Naygandhi and Dr. Qaiser Rehman. Dkt. 13 at 3-25. Moreton also argues the ALJ failed to develop the record, properly address her subjective complaints of pain and other symptoms, and properly assess her credibility regarding those complaints. *Id*. at 24-27. As discussed below, the ALJ did not commit the legal errors alleged by Moreton and substantial evidence supports the ALJ's decision.

1. **The ALJ did not commit legal error.**

    A. **The ALJ did not err in assigning little weight to treating physician opinions.**

The ALJ assigned little weight to the medical opinions provided by Moreton's treating physicians because he found them to be inconsistent with the totality of the evidence and their own

4

examination findings.³ Tr. 61-62. Moreton argues the record contains evidence that is consistent with the treating physicians' opinions and, therefore, the ALJ erred by substituting his own opinion for that of the treating physicians. Dkt. 13 at 10-24. Moreton also claims that, even assuming the ALJ had a reasonable basis to question both treating physicians' opinions, he erred by failing to fully develop the record. *Id*. at 24.

Fifth Circuit precedent requires an ALJ to give controlling weight to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent" with other substantial evidence in the record. *Newton v. Apfel*, 209 F.3d at 455. However, an ALJ may discount the weight assigned to a treating physician's opinion for "good cause." *Id*. (citations omitted). The Fifth Circuit has recognized that such good cause exists when the opinion is "brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, *or* otherwise unsupported by the evidence." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001) (emphasis added) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). When good cause is shown, the ALJ may assign less weight, little weight, or even no weight to a treating physician's opinion. *Perez v. Barnhart*, 415 F.3d 457, 466 (5th Cir. 2005) (quotations omitted).

A treating physician's opinion consisting of nothing more than responses to a "questionnaire" is recognized in this circuit as "brief or conclusory" testimony that is not entitled to controlling weight. *Foster v. Astrue*, 410 F. App'x. 831, 833 (5th Cir. 2011) (affirming the ALJ's decision which gave little weight to treating physician's questionnaire opinion due to its brief and conclusory nature and lack of explanatory notes or supporting objective tests). Drs.

---

³ The ALJ assigned some weight to the opinions of two state agency medical consultants, Dr. Ligon and Dr. Reddy, noting that, although each provided reasonable support for their opinions, more recent evidence—including Moreton's own testimony—supported a more restrictive RFC, particularly with respect to exertional level. Tr. 62.

5

Naygandhi and Rehman's opinions of Moreton's functional abilities consist only of responses to a form questionnaire. Tr. 787-89, 916-18. The opinions are fill-in-the-blank forms without any narrative discussion of Moreton's abilities or references to any objective medical evidence. *Id*. The ALJ was entitled to discount and assign little weight to these opinions on the basis that the questionnaire responses are brief and conclusory testimony. *See Foster v. Astrue*, 410 F. App'x. at 833; *Roberts v. Colvin*, Civil Action No. 3:12-CV-397 HTW-LRA, 2013 WL 4678556, at *5 (S.D. Miss. Aug. 30, 2013) (quoting *Mason v. Shalala*, 994 F.2d 1058, 1065 (3rd Cir. 1993) (quotations omitted)) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best . . . [but when] these so-called reports are unaccompanied by thorough written reports, their reliability is suspect."); *Madere v. Saul*, Civil Action Number 19-0864, 2020 WL 571689, at *5 (E.D. La. Jan. 21, 2020) (quoting *Heck v. Colvin*, 674 F. App'x. 411, 415 (5th Cir. 2017) (quotations omitted)) ("[T]he Fifth Circuit has previously characterized responses to a 'questionnaire format' as '[t]ypical 'brief or conclusory' testimony' and declined to accord such responses controlling weight when they lack 'explanatory notes' or 'supporting objective tests and examinations.'"), *adopted by* 2020 WL 567126 (E.D. La. Feb. 5, 2020).

Furthermore, the ALJ provided additional "good cause" for assigning only little weight to Dr. Naygandhi's and Dr. Rehman's opinions. With respect to Dr. Nayagandhi's April 2016 opinion, the ALJ noted the "extreme limitations [such as significant limitations in repetitive reaching, handling, fingering, grasping, and fine manipulation] are inconsistent with the totality of the evidence." Tr. 61. In support of his finding, the ALJ cited Moreton's ability to prepare beds, wash windows, and perform other relatively rigorous housework. *Id*. He also noted that Moreton had a successful carpal tunnel release surgery of her left wrist and injection in her right wrist in November 2016, which was approximately seven months after Dr. Naygandhi completed the form

questionnaire indicating Moreton could use her hands and fingers repetitively for only 10-15% of a work day. Tr. 61, 679, 917. The record shows Moreton reported the numbness in both hands improved greatly after the surgery and injection, and Dr. Mansour, who performed the procedures, noted "definite improvement with no new problems or positive findings." Tr. 679. A follow-up appointment with Dr. Mansour demonstrated continued improvement. Tr. 681. Finally, the ALJ found Dr. Naygandhi's opinion that Moreton could "never" lift items weighing less than ten pounds was unsupported by the medical evidence, because Moreton's examinations revealed full strength and only slight limitations. Tr. 61.

Likewise, the ALJ provided good cause for assigning little weight to Dr. Rehman's August 2017 opinion. Dr. Rehman gave no explanation or objective findings to support his opinion that Moreton was limited to sitting for four hours and standing/walking for less than two hours in an eight-hour work day. Tr. 62. Further, the ALJ explained that Dr. Rehman's opinion was inconsistent with his own examination findings. *Id*. Dr. Rehman diagnosed Moreton with fibromyalgia in March 2015, but found it was "well controlled" and she was stable. Tr. 390. In December 2016, Moreton saw Dr. Rehman for complaints of back and foot pain. Tr. 705. Despite her complaints, Dr. Rehman's physical examination of her back showed no tenderness and the source of her pain did not show up on labs or x-rays. Tr. 705-06. As the ALJ noted, Moreton saw Dr. Rehman again later in December and reported that Lyrica was "working very well" and that she was beginning to "feel [her] toes again" with no side effects. Tr. 702. She reported controlled pain which she rated as three out of ten, and had a normal physical examination during which she could do toe and heel walking without any discomfort. Tr. 702-03. Thus, the ALJ provided good cause for assigning little weight to Dr. Rehman's opinion.

While Moreton attempts to cast the ALJ's decision to assign little weight to the opinions of Drs. Naygandhi and Rehman as an impermissible substitution of his own lay opinion in place of the treating physicians' opinions, her argument is unavailing. What she labels as "impermissible substitution" of his own opinion, is actually the ALJ's proper weighing of the medical evidence and resolution of conflicts in the evidence. *See Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012) (citations omitted) ("The record indicates that the ALJ used the medical information provided by [the claimant] to determine [his RFC] . . . [which] is the sole responsibility of the ALJ. What [the claimant] characterizes as the ALJ substituting his opinion is actually the ALJ properly interpreting the medical evidence to determine his capacity for work."); *see also Masterson v. Barnhart*, 309 F.3d at 272 (affirming the Commissioner's disability determination where the ALJ weighed conflicting evidence regarding the claimant's PTSD diagnosis and determined the claimant did not suffer from PTSD). As discussed above, substantial evidence supports the ALJ's decision to assign little weight to Drs. Naygandhi and Rehman's opinions. *See Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) ("The record supports the ALJ's determination that the treating physicians' diagnoses were based upon dubious medical techniques and were conclusory. The doctors' evidence also was contradicted by both itself and outside medical evidence.").

**B. The ALJ did not err in failing to recontact physicians or develop the record.**

Moreton argues the ALJ failed to fully developed the record by contacting the treating physicians for clarification, ordering a consultative examination, or requesting an expert or state agency review of the record. Dkt. 13 at 24. The regulations do not require the ALJ to recontact a physician for clarification when the physician's opinion is inconsistent with the record. *Colegrove v. Colvin*, Civil Action No. 4:14-CV-798-A, 2015 WL 9582909, at *8 (N.D. Tex. Dec. 14, 2015),

8

*adopted by* 2015 WL 9581835 (N.D. Tex. Dec. 30, 2015). The ALJ may elect to recontact a physician if the evidence in the record is inconsistent, or if the ALJ has insufficient evidence to determine whether the claimant is disabled. 20 C.F.R. §§ 404.1520b(c), 416.920b(c). However, the decision to recontact a physician is within the ALJ's sole discretion. *Id.*; *see also Colegrove v. Colvin*, 2015 WL 9582909, at *8; *Guevara v. Colvin*, Civil Action No. 4:15-CV-676-A, 2016 WL 2866220, at *6 (N.D. Tex. Apr. 25, 2016), *adopted by* 2016 WL 2859617 (N.D. Tex. May 16, 2016). The ALJ did not err in exercising his discretion and refraining from recontacting physicians to develop or clarify the record. Furthermore, as discussed below, the record contained sufficient evidence for the ALJ to properly assess Moreton's disability claim.

### C. The ALJ did not err in determining Moreton's subjective complaints of pain and other symptoms are inconsistent with and not supported by the record.

The ALJ maintains the discretion to determine the disabling nature of a claimant's pain and his decision should be upheld if supported by substantial evidence. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted). When a claimant's statements about the intensity, persistence, or limiting effects of symptoms are not substantiated by objective medical evidence, the ALJ must determine whether the statements are consistent with and supported by the record. 20 C.F.R. §§ 404.1529(c)(2), 416.929(c); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). If the ALJ finds the claimant's statements are inconsistent with or not supported by the record, the ALJ can discount the statements. *Id.*

Moreton argues that the ALJ erred by failing to consider or discuss the factors set forth in 20 C.F.R. § 404.1529(c)(3) when finding that her statements were not entirely consistent with the record.[4] Dkt. 13 at 26-27. The ALJ explicitly stated that he considered the § 404.1529 factors.

---

[4] Pursuant to 20 C.F.R. § 404.1529(c)(3), the ALJ must consider certain factors when determining whether a claimaint's complaints of disabling pain are supported by the record, including: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating

9

Tr. 56. Further, the ALJ provided specific reasons, consistent with § 404.1529(c)(3) and supported by the record evidence, for his finding that Moreton's complaints of pain were not entirely consistent and supported by the record. For example, the ALJ discussed the evidence demonstrating that physical therapy, at-home exercises, injections, and knee and wrist braces alleviate Moreton's pain. Tr. 58-61. The ALJ discussed Moreton's testimony regarding aggravating factors—that she could sit and stand for no more than ten to fifteen minutes at a time and that her low back pain was exacerbated with standing and walking. Tr. 57, 59. The ALJ noted Moreton's activities of daily living—that she prepares simple meals daily and larger meals twice a week; completes chores like dusting, sweeping, folding laundry, and straightening up through the day; continues to drive, go out, and shop alone; handles her own finances; visits with family and friends; and independently attends to her personal care. Tr. 58, 60.

It is within the ALJ's discretion to assess the disabling nature of a claimant's pain pursuant to 20 C.F.R. § 404.1529(c)(3) and to resolve conflicts between the subjective evidence and medical evidence. *Cullivan v. Shalala*, 886 F. Supp. 568, 577 (E.D. Tex. 1995) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir. 1988)). Although an ALJ must consider the factors in § 404.1529(c)(3), he is not required to name and discuss each individual factor. *Prince v. Barnhart*, 418 F. Supp. 2d 863, 871 (E.D. Tex. 2005) (citations omitted). As the Fifth Circuit has explained:

> The Social Security Ruling on credibility determinations denotes the "kinds of evidence," including the [§ 404.1529] factors, that must be considered, but there is no instruction that every factor must be discussed in detail in the determination. Of course, the ALJ's determination decision cannot simply make conclusory statements regarding credibility and "must contain specific reasons for the finding on credibility, supported by the evidence in the case record[.]"

---

factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes to alleviate pain or other symptoms; (5) treatment other than medication used for relief of pain or other symptoms; (6) measures used to relief pain or other symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also Hollis v. Bowen*, 837 F.2d at 1385.

*Giles v. Astrue*, 433 F. App'x. at 249 (citations omitted). The ALJ's decision demonstrates his consideration of some of the factors included in § 404.1529(c)(3). Tr. 56-60. Like the ALJ in *Giles v. Astrue*, the ALJ here satisfied [the requirements of § 404.1529] by discussing the Moreton's complaints and the record. Thus, the ALJ complied with 20 C.F.R. § 404.1529(c)(3) and did not commit legal error when assessing Moreton's credibility.

### D. The ALJ did not err in failing to discuss Moreton's work history.

Moreton argues that the ALJ failed to acknowledge her "exemplary" work history, which she claims further evidences her disability.[5] Dkt. 13 at 31-32. As support for her argument, Moreton cites *Roberson v. Colvin*, in which the court "agree[d] that the solid 30-year work history described in plaintiff's brief should have been a consideration in assessing credibility." *Roberson v. Colvin*, No. 2:13-CV-197, 2015 WL 1408925, at *7 (N.D. Tex. Mar. 27, 2015). However, the *Roberson* court ultimately held that, "while it would have been better for the ALJ to acknowledge plaintiff's 30-year consistent work history, the failure to reference such in his findings does not mean he was not aware of the history. No reversible error has been shown." *Id*. Although the ALJ did not expressly discuss her work history, Moreton has not shown the ALJ was unaware of that history. Even assuming the ALJ should have afforded Moreton an "extra measure of credibility" based on her work history, the ALJ did not err in assessing Moreton's credibility for the reasons stated above. *See Lorah v. Comm'r of Social Sec.*, Civil Action No. 14-0749, 2015 WL 4395351, at *7 (W.D. La. July 16, 2015).

### 2. Substantial evidence supports the ALJ's RFC determination.

Having determined the ALJ did not err as alleged by Moreton, the Court considers whether substantial evidence supports the ALJ's decision. Under the substantial evidence standard, the

---

[5] Moreton worked for around 39 years and made over $50,000 annually. Tr. 268-69.

reviewing court looks to the administrative record and considers whether it contains "sufficien[t] evidence" to support the ALJ's factual determinations. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quotation omitted). Substantial evidence is "more than a mere scintilla" and less than a preponderance. *Id.*; *Taylor v. Astrue*, 706 F.3d at 602 (quotations omitted). Substantial evidence has been defined as the "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. at 1154 (quotations omitted).

In determining Moreton's RFC, the ALJ considered the objective medical evidence in the record, the opinion evidence as weighed, and Moreton's testimony to the extent he found it supported by the evidence. Tr. 63. A summary of the treating physician and state agency consultant opinions demonstrates that the RFC as determined by the ALJ is supported by substantial evidence—more than a scintilla, and less than a preponderance:

| Functional limitation | Naygandhi (treater-given little weight) | Rehman (treater-given little weight) | Ligon (consultant-given some weight) | Reddy (consultant-given some weight) | RFC |
|---|---|---|---|---|---|
| Able to walk without rest | Less than 1 city block | No response | - | - | - |
| Able to continuously sit | 30 minutes | 15 minutes | - | - | - |
| Able to continuously stand | 15-30 minutes | 10 minutes | - | - | - |
| Total time able to stand/walk in 8-hour day | Less than 2 hours | Less than 2 hours | 6 hours | 6 hours | 2 hours |
| Total time able to sit in 8-hour day | Less than 2 hours | About 4 hours | 6 hours | 6 hours | 6 hours |
| Need to shift positions at will | No | Yes | - | - | - |
| Need for unscheduled breaks in 8-hour day | N/A | Yes, every hour for 10 minutes | - | - | - |
| How often able to lift/carry less than 10 lbs. | Never | Frequently | | | Frequently |
| How often able to lift/carry 10 lbs. | Never | Occasionally | Frequently | Frequently | Occasionally |
| How often able to lift/carry 20 lbs. | Never | Never | Occasionally | Occasionally | - |
| How often can lift/carry 50 lbs. | Never | Never | - | - | - |
| Significant limitations in repetitive reaching/handling/fingering? | Yes | Yes | No limitations | No limitations | - |
| Percentage of time can use hands/fingers/arms in an 8-hour day | 10-15% of time for each | No response | - | - | Frequently, but not constantly |
| How often can twist | Occasionally | Occasionally | - | - | - |
| How often can stoop (bend) | Occasionally | Occasionally | Frequently | Frequently | Occasionally |
| How often can crouch | Never | Occasionally | Occasionally | Occasionally | Occasionally |
| How often can climb stairs | Occasionally | Occasionally | Occasionally | Occasionally | Occasionally |
| How often can climb ladders | Never | Occasionally | Occasionally | Occasionally | Never |
| Need to miss work due to her impairments | "Unable to work right now secondary to intractable pain" | "Cannot assess" | - | - | - |

Moreton argues her own testimony contradicts the ALJ's RFC determination. However, Moreton fails to acknowledge that the ALJ found her testimony regarding the intensity, persistence, and limiting effects of her pain not credible. *See Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir. 1988) ("The problem with [the claimant's] argument [that her testimony established evidence substantiating her allegations of debilitating pain], of course, is that the ALJ explicitly found her testimony not to be credible."). To the extent Moreton argues her subjective complaints should have been given greater weight by the ALJ, resulting in a more restrictive RFC, she is asking the Court to reweigh the evidence, something the Court is not permitted to do. *See Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977) (citations omitted) ("The role of the reviewing court is quite limited. It may neither reweigh the evidence nor substitute its judgment for that of the Secretary."); s*ee also Hollis v. Bowen*, 837 F.2d at 1385 (citations omitted) ("[A] resolution of conflicts between the subjective evidence and the medical evidence should depend on the ALJ's evaluation of the credibility of the claimant's complaints of pain.").

### III. Conclusion

The ALJ did not err and substantial evidence supports his RFC determination. Therefore, the ALJ's decision on disability should be upheld. *See Greenspan v. Shalala*, 38 F.3d at 237 ("Substantial evidence supports the ALJ's decision to disregard the [treating] physician's conclusions. That basis is enough to survive [the Court's] review."); *see Chambliss v. Massanari*, 269 F.3d at 522 ("[W]hether an applicant is able to work despite some pain is within the province of the administrative agency and should be upheld if supported by substantial evidence."). Moreton's Motion is **DENIED** and the Commissioner's decision denying benefits is **AFFIRMED**.

Signed at Houston, Texas on March 5, 2020.

_____
Christina A. Bryan
United States Magistrate Judge